UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MOORE,

        Plaintiff,

-against-

THE STATE OF NEW YORK; CRYUS VANCE, JR, District Att.; COREY BRISKIN, ADA,

        Defendants.

1:20-CV-0426 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Downstate Correctional Facility, brings this *pro se* action seeking damages and injunctive relief. He sues the State of New York, New York County District Attorney Cyrus Vance Jr., and New York County Assistant District Attorney Corey Briskin. Plaintiff signed his complaint – and likely submitted it for mailing – on December 19, 2019, while he was held in the Anna M. Kross Center on Rikers Island. He alleges that two days earlier, on December 17, 2019, he was convicted in the New York Supreme Court, New York County, and that he was scheduled to be sentenced by that court on January 7, 2020.[1] He challenges his conviction and asserts that the defendants "malicious[ly] and egregious[ly] prosecut[ed]" him. (ECF 2, at 6.)

The Court liberally construes Plaintiff's complaint as asserting claims of constitutional violations under 42 U.S.C. §1983 as well as claims for *habeas corpus* relief under 28 U.S.C.

---

[1] The envelope that contained Plaintiff's complaint was postmarked one day later, on January 8, 2020.

§ 2241.² By order dated March 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.³ For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

² On January 17, 2020, the Court received a letter from Plaintiff in which he attaches multiple "amendments" to his complaint. (ECF 4.) The Court construes Plaintiff's letter and its attachments as a supplement to his complaint.

³ Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges the following: On August 21, 2018, he was arrested and charged after being accused of groping a woman's buttocks. On December 17, 2019, the New York Supreme Court, New York County, convicted him of persistent sexual abuse, under Section 130.53 of the New York Penal Law. During the time from Plaintiff's arrest to his conviction, the state court ordered Plaintiff, under Article 730 of the New York Criminal Procedure Law, to undergo multiple psychiatric examinations so that the court could determine whether Plaintiff was fit to stand trial. Plaintiff was hospitalized in the Mid-Hudson Forensic Psychiatric Center, where he was forcibly medicated. He filed multiple petitions for a writ of *habeas corpus* in the New York State courts.

Plaintiff challenges his conviction and asks this Court to enjoin the New York Supreme Court, New York County, from sentencing him. He also seeks damages arising from the defendants' prosecution of him.

## DISCUSSION

### A. The Eleventh Amendment

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff sues the State of New York. The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity.[4]

---

[4] The Court also dismisses, for the same reason, Plaintiff's § 1983 claims for damages against New York County District Attorney Cyrus Vance Jr. and New York County Assistant District Attorney Corey Briskin, in their official capacities, arising from their criminal prosecution of Plaintiff. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing official-capacity claims for damages against District Attorney and Assistant District Attorneys under the Eleventh Amendment); *see also Gollomp*, 568 F.3d at 366 ("[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.") (internal quotation marks and citation omitted).

B.  **Prosecutorial immunity**

In addition, the Court must dismiss Plaintiff's § 1983 claims for damages against New York County District Attorney Cyrus Vance Jr. and New York County Assistant District Attorney Corey Briskin, in their individual capacities, arising from their prosecutorial actions against Plaintiff. Prosecutors are immune from civil suits for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's § 1983 claims against these defendants arise from their prosecution of him. (ECF 2, at 5.) The Court therefore dismisses Plaintiff's § 1983 claims for damages against these defendants in their individual capacities under the doctrine of prosecutorial immunity.

C.  *Habeas corpus* **relief**

Under 28 U.S.C. § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." If a prisoner is in custody pursuant to a judgment of a state court, he must challenge his confinement in a *habeas corpus* petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a). But if he is in state custody, and that custody is not pursuant to a judgment of a state court, he may seek *habeas corpus* relief under § 2241 to challenge his confinement. *See Crawford v. New York*, No. 08-CV-1287, 2009

WL 396308, at *1 (N.D.N.Y. Feb. 16, 2009) ("[S]ection 2241 applies to all individuals held in state custody while § 2254 applies only to those whose custody results from a final judgment."), *report & recommendation adopted*, (N.D.N.Y. Feb. 17, 2009); *see also Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011) ("[I]n . . . cases where there is no judgment of conviction, . . . courts have construed state pre-trial habeas petitions as applications arising under [§ 2241]."), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, a petitioner must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). If a prisoner is in New York State custody, but not pursuant to a state-court judgment, this exhaustion includes seeking *habeas corpus* relief in the New York State courts. This requires, if unsuccessful in the lower state courts, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*; *Pollack v. Patterson*, No. 10-CV-6297, 2012 WL 2369493, at *3 (S.D.N.Y. June 22, 2012) ("[B]ecause the petitioner's state habeas claim was never fairly presented to the New York State Supreme Court, Appellate Division, or to the New York Court of Appeals, this Court cannot say that there is an absence of State corrective process, or that State corrective process is ineffective, such that the exhaustion requirement must be waived. The petitioner must exhaust his remedies in state court before proceeding before this Court.").

Plaintiff asserts that at the time that he filed his complaint in this Court, he had been convicted, but not yet sentenced, by the New York Supreme Court, New York County. He challenges his conviction and asks this Court to enjoin the state court from sentencing him. (ECF 2, at 6.) Accordingly, because the state court had not issued a judgment of conviction at the time that Plaintiff had filed his complaint in this Court, the Court construes Plaintiff's claims in which he challenges his conviction and seeks injunctive relief as claims for *habeas corpus* relief under § 2241.

Plaintiff alleges that on multiple occasions, he sought *habeas corpus* relief in the New York State courts. (*Id.* at 14-32.) He also asserts that he withdrew one petition, and that the state courts ignored one of them and denied the others. (*See id.*) But he does not allege any facts showing that he appealed any of the unsuccessful outcomes of those petitions to the New York Court of Appeals, the State of New York's highest court. Accordingly, because Plaintiff does not show that he exhausted his available state-court remedies before seeking § 2241 *habeas corpus* relief in this Court, the Court denies him § 2241 *habeas corpus* relief without prejudice.[5]

---

[5] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

Because it is likely that, following the filing of his complaint in this Court, Plaintiff was sentenced in connection with his conviction, he is probably now in state custody pursuant to the judgment of a state court. Thus, if he wishes to seek federal *habeas corpus* relief to challenge his conviction or sentence, he must do so in a petition brought under § 2254 after he has exhausted

**D.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 as frivolous and for seeking monetary relief from defendants that are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court dismisses Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2241 without prejudice.

Because Plaintiff's complaint and its supplement make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

his available state-court remedies. *See* § 2254(a)(1). The Court warns Plaintiff that there is a one-year limitation period in which to bring a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 23, 2020
        New York, New York

                                                 COLLEEN McMAHON
                                            Chief United States District Judge